**ECF Case**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MARGARITA ACOSTA, MARISOL ACOSTA, JOSE
ACOSTA, ELENA ACOSTA, EDGAR ACOSTA by
his grandmother and legal guardian Margarita
Acosta, DARRELL ACOSTA by his mother and
natural guardian Elena Acosta, ORLANDO
DeJESUS by his mother and natural guardian Elena
Acosta, and JEANNETTE TORRES,

     Plaintiffs,

  -against-

THE CITY OF NEW YORK, DOMINIC GENTILE.
JOSEPH BELISE, DENNIS CANALE, YEN CHU,
MELVILLE MAURICE, ANDREW McGOEY,
PATRICK SCOLLAN, PETER SMITH, and "JOHN"
or "JANE" DOE 1-10, the names being fictitious
and presently unknown, individually in their
capacity as employees of the New York City Police
department,

     Defendants.

-------------------------------------------------------------x

**COMPLAINT**



**Jury Trial Demanded**

   MARGARITA ACOSTA, MARISOL ACOSTA, JOSE ACOSTA, ELENA

ACOSTA, EDGAR ACOSTA by his grandmother and legal guardian Margarita

Acosta, DARRELL ACOSTA by his mother and natural guardian Elena Acosta,

ORLANDO DeJESUS by his mother and natural guardian Elena Acosta, and

JEANNETTE TORRES, by their attorneys, the Law Offices of Matthew Flamm,

allege the following upon information and belief as their Complaint:


Nature of the Action

  1.  This civil rights action arises from the July 4, 2003 brutalization,

arrest and prosecution of members of the Acosta family and their friends and

neighbors.  Plaintiffs seek declaratory relief pursuant to 28 U.S.C. §2201 and,

under 42 U.S.C. §§1983, compensatory and punitive damages for violation of their

civil rights.

Jurisdiction

2.      This action arises under the United States Constitution and 42 U.S.C. §1983.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3).  Plaintiffs assert jurisdiction over the City of New York under 28 U.S.C. §1367.  Plaintiffs request that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

Venue

3.      Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because the defendant City of New York resides in the District.

Parties

4.      Plaintiff Margarita Acosta, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  She is the mother of plaintiffs Elena Acosta, Marisol Acosta, and Jose Acosta, and the grandmother of Edgar Acosta, Darrell Acosta and Orlando DeJesus.

5.      Plaintiff Marisol Acosta, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  She is the daughter of Margarita Acosta and the sister of Elena Acosta and Jose Acosta.

6.      Plaintiff Jose Acosta, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  He is the son of Margarita Acosta and the brother of Elena Acosta and Marisol Acosta.

7.      Plaintiff Elena Acosta, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  She

is the daughter of Margarita Acosta and the mother of Darrell Acosta and Orlando DeJesus.

8.      Plaintiff Edgar Acosta, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  He is the grandson of Margarita Acosta.  He was sixteen years of age at the time of the incident complained of herein.

9.      Plaintiff Darrell Acosta, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  He is the son of Elena Acosta and the grandson of Margarita Acosta.  He was twelve years of age at the time of the incident complained of herein.

10.      Plaintiff Orlando DeJesus, a citizen of the United States of America, resides at 476 47th Street in the State and City of New York, County of Kings.  He is the son of Elena Acosta and the grandson of Margarita Acosta.  He was fourteen years of age at the time of the incident complained of herein.

11.      Plaintiff Jeannette Torres, a citizen of the United States of America, resides in the State and City of New York, County of Kings.

12.      Defendant City of New York is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

13.      Defendant Dominic Gentile was the Commanding Officer of the 72nd Police Precinct in Brooklyn, New York (hereafter "72nd Precinct") at the time of the incident, and was at all relevant times a duly appointed and acting employee of the New York City Police Department.

14.      Defendant Joseph Belise was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

15.     Defendant Dennis Canale was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

16.     Defendant Yen Chu was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

17.     Defendant Melville Maurice, Shield Number 28784, was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

18.     Defendant Andrew McGoey, Shield Number 801, was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

19.     Defendant Patrick Scollan, Shield Number 9303, was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

20.     Defendant Peter Smith, Shield Number 17016, was, at all times relevant, a duly appointed and acting employee of the New York City Police Department assigned to the 72nd Precinct.

21.     Defendants "John" or "Jane" Doe 1-10, were, at all relevant times, duly appointed and acting employees of the New York City Police Department, assigned to the 72nd Precinct.

22.     Defendants Gentile, Belise, Canale, Chu, Maurice, McGoey, Scollan, Smith, and "John" or "Jane" Doe 1-10 (collectively the "individual defendants") were, at all times relevant, acting under color of state law.

23.     At all times relevant, the individual defendants involved in the incident underlying this lawsuit were agents, servants and employees acting within the scope of their employment by defendant City of New York.

-4-

## Notices of Claim

24.     Plaintiffs filed Notices of Claim upon defendant City of New York within 90 days after the claims arose by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

25.     The Notices of Claim were in writing, sworn to by each plaintiff and contained the name and post office address of each of the plaintiffs.

26.     The Notices of Claim set out the nature of the claim, the time when, the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by plaintiffs.

27.     The City of New York has neglected and failed to adjust the claims within the statutory time period.

28.     This action was commenced within one year and ninety days after the happening of the event upon which the claims are based.

## Facts Underlying
## Plaintiffs' Claims for Relief

29.     On the evening of July 4, 2003, the Acosta family, along with friends and neighbors, were peaceably celebrating Independence Day with barbeque, soda, and music playing from a small radio in front of their home at the corner of Fifth Avenue and 47th Street in the Sunset Park neighborhood in Brooklyn, New York, when they were attacked by Police personnel from the 72nd Precinct.

30.     The barbeque began at about 5:00 p.m. and the family enjoyed the day as numerous friends and neighbors dropped by throughout the evening.  To provide music, the Acostas strung an extension cord from their home on the first floor outside to a small radio.

31.     At approximately 9:30 p.m., defendant Dominic Gentile, the Commanding Officer of the 72nd Precinct, arrived on the street where the Acostas live.

32.     Defendant Gentile approached the stoop of the Acostas' apartment building and, without warning, explanation, cause or justification, yanked the radio cord from the electrical socket.

33.     Elena Acosta protested defendant Gentile's impulsive behavior and menacing demeanor.

34.     Thereupon, defendant Gentile struck the 62 year old grandmother, plaintiff Margarita Acosta, across the face.  He assaulted Elena Acosta, by, among other things, pulling her from the steps of the apartment building in which the Acostas lived, causing her to fall to the ground.

35.     Numerous Police personnel from the 72nd Precinct arrived and joined with defendant Gentile in assaulting Margarita Acosta, Elena Acosta, Marisol Acosta, Jose Acosta, Edgar Acosta, Darrell Acosta and Orlando DeJesus as well as family friend Jeannette Torres and others.

36.     Without cause or justification, the individual defendants, or some of them, assaulted Margarita Acosta and Elena Acosta and thereafter handcuffed them behind their backs.  Margarita Acosta's blouse was torn from her body, leaving her handcuffed in public in a brassiere.

37.     Without cause or justification, one or more of the individual defendants assaulted Marisol Acosta and thereafter handcuffed her behind her back.

38.     Without cause or justification, the individual defendants, or some of them, assaulted Jose Acosta and handcuffed him behind his back.  The individual defendants, or some of them, repeatedly punched, kicked and beat Jose Acosta before, during, and after handcuffing him.

39.     Without cause or justification, the individual defendants, or some of them, assaulted Edgar Acosta and handcuffed him behind his back.

-6-

40.     Without cause or justification, the individual defendants, or some of them, assaulted Darrell Acosta and Orlando DeJesus despite that they had not done anything wrong, had committed no crimes, and that there was no reasonable basis to believe they were doing anything unlawful.

41.     The individual defendants, or some of them, assaulted plaintiff Jeannette Torres without cause or justification by, among other things, choking her and forcing her up against a wall.  She was not free to go.  She desperately forced out words akin to "I can't breath" and the officer eventually stopped choking her.

42.     The plaintiffs were brutalized despite that they had not done anything wrong, had committed no crimes, and that there was no reasonable basis to believe they were doing anything unlawful.

43.     Plaintiffs Margarita Acosta, Elena Acosta, Marisol Acosta, Jose Acosta, and Edgar Acosta, all of whom were handcuffed, were then  transported to the 72nd Precinct Stationhouse.

44.     The individual defendants falsely charged plaintiff Margarita Acosta with Attempted Assault in the Third Degree (P.L. §110/120.00[1]), Attempted Assault in the Second Degree (P.L. §110/120.05[3]), and Obstructing Governmental Administration (P.L. §195.05).   She was forced to retain counsel and appear in criminal court on numerous occasions to answer the baseless charges.  On June 1, 2004, the charges were dismissed at the request of the District Attorney.

45.     The individual defendants, or some them, sought to falsely charge plaintiff Marisol Acosta with Obstructing Governmental Administration (P.L. §195.05).  The District Attorney declined to prosecute.

46.     Plaintiff Jose Acosta was falsely charged with Assault on a Police Officer (P.L. §120.08), Assault in the Third Degree (P.L. §120.00[1]),  Assault in the Second Degree (P.L. §120.05[3]), Resisting Arrest (P.L. §205.30), and Obstructing

Governmental Administration (P.L. §195.05). He has been forced to retain counsel and appear in Brooklyn Criminal Court on numerous occasions to contest the baseless charges for which he is still being prosecuted

47. Plaintiff Elena Acosta was falsely charged with Assault in the Third Degree (P.L. §120.00[1]), Assault in the Second Degree (P.L. §120.05[3]), and Obstructing Governmental Administration (P.L. §195.05). After being forced to retain counsel and appear in criminal court numerous times to answer the baseless charges, the charges were dismissed on or about June 1, 2004 on the motion of the District Attorney.

48. Plaintiff Edgar Acosta was falsely charged with Assault in the Third Degree (P.L. §120.00[1]), Assault in the Second Degree (P.L. §120.05[3]), and Resisting Arrest (P.L. §205.30). After being forced to appear in criminal court numerous times to answer the baseless charges, the charges lodged against him by the individual defendants were dismissed on or about June 1, 2004 at the request of the District Attorney.

49. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the misconduct and constitutional violations, including the unlawful uses of force, detentions, arrests and prosecutions of the plaintiffs.

50. Instead, the individual defendants conspired to cover up their misconduct by, among other things, filing false charges against members of the Acosta family, and engaging in a continuous course of conduct intended to intimidate and silence the plaintiffs and to intimidate and silence the witnesses to the unlawful actions.

51. As a result of the foregoing, plaintiffs suffered mental anguish, shock, fright, debasement, trauma and deprivation of their constitutional rights, among other injuries.

52.     Plaintiff Margarita Acosta suffered, among other physical injuries, a laceration to her right arm, swelling and pain on the right side of her head, multiple contusions to her arms, neuropathy of her right thumb, and abrasions to her left wrist and her right knee.

53.     Plaintiff Marisol Acosta suffered, among other physical injuries, pain and bruising to her arms, pain to her shoulder, neck, lower back and legs, and a hyperextended lumbar sprain.

54.     Plaintiff Jose Acosta suffered, among other physical injuries, a lost tooth (upper incisor), multiple loose teeth, laceration to his lower gums, contusions to his left ribs, abrasions to his knees, a sprained left wrist, sprained left hand, abrasions to his left shoulder, lower back pain, trauma and swelling to his forehead, and multiple spinal disc herniations as well as disc bulges.

55.     Plaintiff Elena Acosta suffered, among other physical injuries, bruising to her arms, neck, legs, back and torso. She suffered a conornoid process fracture to her left elbow.

56.     Plaintiff Edgar Acosta suffered, among other physical injuries, a broken tooth, chest pain, headaches, facial swelling, and a contusion to the right lower eye area.

57.     Plaintiff Darrell Acosta suffered, among other physical injuries, bruising to his face, upper and lower back pain, and bruising to his back.

58.     Plaintiff Orlando DeJesus suffered, among other physical injuries, tenderness and pain to his back and shoulders.

59.     Plaintiff Jeannette Torres suffered, among other physical injuries, pain to her neck and throat, and bruising to her right thigh and left arm.

60.     At all times relevant the individual defendants in unlawfully arresting, assaulting, and prosecuting the plaintiffs acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiffs' rights.

-9-

FIRST CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
UNREASONABLE AND EXCESSIVE FORCE UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

61.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

62.     By the actions described above, the individual defendants, or some of them, deprived plaintiffs of their rights secured by the Constitution and laws of the United States including, but not limited to, their right to be free from excessive and unreasonable force.

63.     As a consequence thereof, the plaintiffs have been injured.

SECOND CLAIM FOR RELIEF FOR ASSAULT

64.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

65.     By the actions described above, the plaintiffs were intentionally placed in apprehension of imminent harmful and offensive contact.

66.     As a consequence thereof, the plaintiffs have been injured.

THIRD CLAIM FOR RELIEF FOR BATTERY

67.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

68.     By the actions described above, the plaintiffs were intentionally touched in a harmful and offensive manner.

69.     As a consequence thereof, the plaintiffs have been injured.

FOURTH CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND
<u>FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION</u>

70.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

71.     By the actions described above, the individual defendants, or some of them, deprived the plaintiffs of rights secured by the United States Constitution, including, but not limited to, plaintiffs' right to be free and secure in their persons and their right to be free from arrest or search, except on probable cause or pursuant to a warrant.

72.     As a consequence thereof, the plaintiffs have been injured.


FIFTH CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFFS' RIGHT TO BE FREE FROM
UNREASONABLE SEARCHES AND SEIZURES UNDER ARTICLE
<u>ONE, SECTION TWELVE OF THE NEW YORK STATE CONSTITUTION</u>

73.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

74.     By the actions described above, the individual defendants, or some of them, deprived the plaintiffs of their rights secured by the Constitution of the State of New York, including, but not limited to, their right to be free and secure in their persons, and their right to be free from arrest or search except on probable cause or pursuant to a warrant.

75.     As a consequence thereof, the plaintiffs have been injured.


<u>SIXTH CLAIM FOR RELIEF FOR FALSE IMPRISONMENT</u>

76.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

77.     By reason of the foregoing, plaintiffs were intentionally confined without privilege or probable cause to believe a crime had been committed.

-11-

Plaintiffs were aware of and did not consent to the confinement. Plaintiffs were thereby falsely arrested and imprisoned.

78.     As a consequence thereof, the plaintiffs have been injured.

SEVENTH CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION IN VIOLATION
OF PLAINTIFFS MARGARITA ACOSTA, ELENA ACOSTA
AND EDGAR ACOSTA'S RIGHTS UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

79.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

80.     The individual defendants, or some of them, without probable cause and with actual malice, commenced or allowed the commencement of a Criminal Court proceeding against plaintiffs Margarita Acosta, Elena Acosta, and Edgar Acosta

81.     Plaintiffs suffered a deprivation of liberty resulting from government seizure in the form of legal process, being compelled, under threat of issuance of an arrest warrant and arrest, to appear in Criminal Court to contest the baseless charges on numerous occasions until the charges were dismissed on the motion of the District Attorney.

82.     As a consequence thereof, Margarita Acosta, Elena Acosta, and Edgar Acosta have been injured.

EIGHTH CLAIM FOR RELIEF FOR
MALICIOUS PROSECUTION OF PLAINTIFFS
MARGARITA ACOSTA, ELENA ACOSTA AND EDGAR ACOSTA

83.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

84.     By reason of the foregoing, plaintiffs Margarita Acosta, Elena Acosta, and Edgar Acosta were maliciously and without probable cause

subjected to a criminal prosecution, said prosecution ending in a manner indicative of the plaintiffs' innocence.

85.     As a consequence thereof, Margarita Acosta, Elena Acosta, and Edgar Acosta have been injured.


NINTH CLAIM FOR RELIEF FOR ABUSE OF PROCESS

86.     Plaintiffs repeat the allegations of paragraphs 1-60  as though fully stated herein.

87.     The individual defendants maliciously used criminal process for a purpose other than bringing a suspected wrongdoer to justice, to wit, in order to harass and intimidate the plaintiffs from, among other things, asserting their rights against the individual defendants and in order to cover up their own wrongdoing and avoid civil and criminal liability for their acts.

88.     As a consequence thereof, the plaintiffs have been injured.


TENTH CLAIM FOR RELIEF FOR VIOLATION
OF THE RIGHTS OF PLAINTIFFS MARGARITA ACOSTA,
ELENA ACOSTA, JOSE ACOSTA AND EDGAR ACOSTA UNDER
THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION

89.     Plaintiffs repeat the allegations of paragraphs 1-60  as though fully stated herein.

90.     By the actions described above, and by filing or allowing to be filed false allegations with the Criminal Court of the City of New York, the individual defendants deprived plaintiffs of rights secured by the United States Constitution, including, but not limited to, their right to a fair trial.

91.     As a consequence thereof, plaintiffs Margarita Acosta, Elena Acosta, Jose Acosta and Edgar Acosta have been injured .

ELEVENTH CLAIM FOR RELIEF FOR
FAILURE TO INTERVENE TO PREVENT
THE VIOLATION OF PLAINTIFFS' CIVIL RIGHTS

92.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

93.     The individual defendants, and each of them, failed to intervene to prevent, end or truthfully report the misconduct and constitutional violations, including the unlawful assaults, detentions, arrests, and prosecutions, despite having a realistic opportunity to do so.

94.     As a consequence thereof, the plaintiffs have been injured.

TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANT
GENTILE FOR IMPROPER SUPERVISION OF SUBORDINATES

95.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

96.     At all times relevant, defendant Gentile was employed by the New York City  Police Department as a Precinct Commander, with supervisory capacity and responsibility for and supervision of the conduct of individual defendants and the others participating in this incident.

97.     Defendant Gentile, in addition to his responsibility for triggering the incident and his direct participation therein, failed to properly supervise his subordinates or to otherwise take action to remedy the wrong done to the plaintiffs.  Defendant Gentile was grossly negligent in supervising his subordinates, including the defendants named herein.

98.     As a consequence thereof, the plaintiffs have been injured.

THIRTEENTH CLAIM FOR RELIEF
AGAINST THE CITY OF NEW YORK FOR NEGLIGENCE

99.     Plaintiffs repeat the allegations of paragraphs 1-60 as though fully stated herein.

-14-

100.    The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who violate citizens' rights by unlawfully detaining, arresting, prosecuting, using excessive force, or otherwise acting to deprive individuals of their constitutionally protected rights.

101.    The defendant City of New York's failure properly to assign, train, supervise or discipline its Police personnel, including the Police personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional detentions, arrests, uses of force, and false allegations.  Such acquiescence created the atmosphere allowing the individual defendants to believe that they could unlawfully with impunity brutalize, abuse, arrest and prosecute the various plaintiffs.

102.    By reason of the foregoing, the defendant City, and through its agents, servants and employees, failed and refused to use such care in the performance of its duties as a reasonably prudent employer of law enforcement personnel would have used under similar circumstances.

103.    As a consequence thereof, the plaintiffs have been injured.


<u>Request for Relief</u>

**WHEREFORE**, plaintiffs respectfully requests that judgment be entered as follows:

(A)    Declaratory relief as follows:

    1.    A declaration that plaintiffs' right to be free from unreasonable and excessive force under the United States Constitution was violated;

    2.    A declaration that plaintiffs' right to be free from unreasonable searches and seizures under the United States Constitution was violated;

3.     A declaration that plaintiffs' right to be free from unreasonable searches and seizures under the New York State Constitution was violated;

4.     A declaration that plaintiffs' right to be free from malicious prosecution under the United States Constitution was violated;

5.     A declaration that plaintiffs' right to a fair trial under the Sixth Amendment to the United states Constitution was violated;

(B)     Compensatory damages in an amount to be fixed at trial;

(C)     By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)     An award to plaintiffs of the costs and disbursements herein;

(E)     An award of attorney's fees under 42 U.S.C. §1988;

(F)     Such other and further relief as this Court may deem just and proper.


Dated:     October 1, 2004
                Brooklyn, New York

Law Offices of Matthew Flamm
Attorneys for Plaintiffs

By: Matthew Flamm MF1309
26 Court Street, Suite 600
Brooklyn, New York  11242
(718) 797-3117